UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
ORLANDO RAMIREZ, individually and on
behalf of all others similarly situated,   FOR ELECTRONIC
                                           PUBLICATION ONLY
     Plaintiff,
                                           **MEMORANDUM & ORDER**
  - against -
                                           08-CV-5125 (KAM) (JMA)
iBASIS, INC.,

     Defendant.
-------------------------------------X
MATSUMOTO, United States District Judge:

     Presently before the court is defendant's motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 41(d). (*See* Doc. No. 35, Notice of Motion.) Defendant requests that the court award attorneys' fees and costs against plaintiff and his counsel, jointly and severally, for initially commencing an action in the United States District Court for the District of New Jersey, voluntarily dismissing that action after defendant filed a motion to dismiss or transfer venue, and re-commencing the virtually identical instant action in this district. Defendant also requests that this matter be stayed until any award is paid by plaintiff or his counsel as provided by Rule 41(d). (*See* Doc. No. 35, Notice of Motion at 2.) For the reasons set forth herein, defendant's motion is denied.

## BACKGROUND

On March 13, 2008, plaintiff, Orlando Ramirez ("plaintiff" or "Ramirez"), represented by his then attorneys, filed a putative class action in the United States District Court for the District of New Jersey[1] (the "New Jersey Action") on behalf of himself and other purchasers of telephone calling cards distributed by defendant iBasis ("defendant" or "iBasis"). (*See* Doc. No. 39, Declaration of Paul M. Weiss ("Weiss Decl.") ¶ 2.) In that case, plaintiff alleged that defendant violated the consumer protection laws of various states,[2] where the calling cards were allegedly distributed, by failing to adequately disclose applicable rates, fees and surcharges.

According to plaintiff's counsel, Paul M. Weiss, "Mr. Ramirez had a good faith belief that venue in New Jersey was

---

[1] Defendant claims that the New Jersey Action was the "***second*** time that plaintiff's lawyers had sued iBasis on claims similar, if not identical, to those raised in the New Jersey Action," and also to a class action filed in the Central District of California that subsequently settled. (Doc. No. 37, Declaration of Michael Hassen ("Hassen Decl.") ¶¶ 3-4) (emphasis in original.) Plaintiff Ramirez, however, is not named as a party in the first action filed by plaintiff's counsel in the California action. Because Rule 41(d) applies only when a "plaintiff" dismisses an action and "files an action based on or including the same claim against the same defendant[,]" the California action is not relevant to the court's evaluation of the instant motion.

[2] Plaintiff claimed that defendant violated the consumer protection laws of California, Florida, Illinois, Maine, New Jersey, New York, Tennessee, Vermont, Washington and West Virginia.

2

proper" because iBasis has sufficient business in the tri-state region to justify a business center in New York, indicating that a substantial part of the events giving rise to this instant multi-state class action took place in that District."[3] (Doc. No. 39, Declaration of Paul M. Weiss ("Weiss Decl.") ¶ 2.) Mr. Weiss further states that "initiating suit in the District of New Jersey was sensible because that Court had substantial experience with similar 'calling card' cases." (*Id.* ¶ 3.) In particular, Mr. Weiss states that a similar case against one of iBasis's competitors was "in preparation for a trial on the merits[,]" while another calling card vendor's motion to dismiss was denied by Judge Faith Hochberg of that court. (*Id.* ¶¶ 3-4.)

Defendant contends that venue in New Jersey was improper. Before defendant was served with process in the New Jersey Action, in an effort to avoid the expense of a motion to dismiss or transfer venue, defendant's attorney, Michael Hassen, telephoned Mark S. Fistos, one of plaintiff's attorneys, on or

---

[3] The court finds dubious Mr. Weiss's assertion that "Mr. Ramirez had a good faith belief that venue in New Jersey was proper[,]" suggesting that plaintiff, not his counsel, decided to commence the action in the District of New Jersey. (See Weiss Decl. ¶ 2.) Even assuming, however unlikely, that plaintiff directed his counsel to commence the action in New Jersey, ultimately, plaintiff's counsel were responsible for inquiring into the relevant facts and law and presenting the matter in the appropriate venue. *See* Fed. R. Civ. P. 11(b); N.Y. Code of Prof'l Responsibility § 3.1(a) ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous").

3

about March 31, 2008, to request that the New Jersey Action be transferred to this district. (Hassen Decl. ¶¶ 7-8.) Mr. Hassen explained to Mr. Fistos that the Eastern District of New York (the "Eastern District") was the proper venue because plaintiff lived in this district and the calling card at issue in the litigation was purchased and used in this district. (*Id.* ¶ 7.) Plaintiff's counsel declined to transfer venue to this court. (*Id.* ¶ 9.)

According to Mr. Hassen, "[b]ecause plaintiff refused to voluntarily transfer the New Jersey Action" to this court, defendant "had no alternative but to file a motion to dismiss, or, in the alternative, to transfer venue (the "Transfer Motion")." (Hassen Decl. ¶ 11.) Defendant filed its Transfer Motion on June 16, 2008 in the New Jersey Action. (*Id.; see* Weiss Decl. ¶ 5.)

Thereafter, plaintiff's counsel requested that defendant withdraw its motion and stipulate to transfer venue to the Southern District of New York (the "Southern District"). (*Id.*) Plaintiff's counsel believed that the Southern District was the proper venue because defendant's "primary operations" are located in New York. (*Id.*) Defendant declined plaintiff's offer because its counsel believed that venue was not proper in the Southern District of New York. (*See* Hassen Decl. ¶ 16.) According to plaintiff's counsel, defendant "insisted" that it

4

would consent only to transfer venue to the Eastern District. (Weiss Decl. ¶ 7.) On July 7, 2008, the day on which plaintiff's opposition to defendant's Transfer Motion was due, plaintiff voluntarily dismissed the New Jersey Action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (*Id.* ¶ 7; *see* Hassen Decl. ¶¶ 17-18.)

On December 19, 2008, "after additional research and consideration," plaintiff re-filed his case in the Eastern District. (Weiss Decl. ¶ 8.) Defendant's counsel contends, and a review of both pleadings confirms, that the instant action is "virtually identical to the New Jersey Action." (*See* Hassen Decl. ¶ 22.) It is undisputed that the New Jersey Action and the present matter involve the same claims by the same plaintiff against the same defendant. Mr. Weiss notes that plaintiff and his counsel "are prosecuting another virtually identical 'calling card' class action" in this district before Judge Weinstein.[4] (Weiss Decl. ¶ 8.)

---

[4] *See Ramirez v. Dollar Phone Corp.*, No. 09-CV-2290, 2009 U.S. Dist. LEXIS 104876 (E.D.N.Y. Nov. 10, 2009) (The court dismissed the action and determined that a class action was not superior to other available methods for fairly and efficiently adjudicating this controversy under Fed. R. Civ. P. 23(b)(3) and that relief was not appropriate respecting the class as a whole under Fed. R. Civ. P. 23(b)(2). Judge Weinstein also determined that federal subject matter jurisdiction did not exist under the Class Action Fairness Act, 28 U.S.C. § 1332, because certification was denied, the individual claim amount was too low, and the parties were all from the same state.) A review of

5

Defendant seeks $32,175.54 in attorneys' fees and costs and requests that the court award sanctions against plaintiff and his counsel, jointly and severally. (*See* Doc. No. 35, Def. Mem. at 14 n.5, 9.) Defendant asserts that the fees and costs that it incurred to prepare its Transfer Motion "could have been avoided . . . ." (Hassen Decl. ¶ 24.)

Plaintiff opposes defendant's motion on the grounds that the New Jersey Action was voluntarily dismissed, thereby avoiding further expense to the parties. (*See* Doc. No. 38, Pl. Mem. at 1.) Additionally, plaintiff contends that he is unable to pay any sanction and that his attorneys are not subject to sanctions under Rule 41(d). (*See id.* at 8-10.)

## DISCUSSION

### A. Legal Standard

Rule 41(d) provides:

**Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

   (1) may order the plaintiff to pay all or part of the costs of that previous action; and

   (2) may stay the proceedings until the plaintiff has complied.

---

the docket in that action reveals that judgment was entered on November 16, 2009 and that an appeal was not filed.

Fed. R. Civ. P. 41(d) (emphasis in original). Where a plaintiff voluntarily dismisses a lawsuit and then files a second suit against the same defendant predicated on the same facts, defendant may be entitled to recover the costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs. *See Adams v. New York State Educ. Dep't*, No. 08-CV-5996, 2009 U.S. Dist. LEXIS 37379, at *20-21 (S.D.N.Y. May 4, 2009) *objections overruled and affirmed by*, 2009 U.S. Dist. LEXIS 55123 (S.D.N.Y. June 25, 2009) (quoting *New Phone Co. v. New York City Dep't of Info. Tech. & Telecomm.*, Nos. 06-CV-3529, 07-CV-2474, 2007 U.S. Dist. LEXIS 74693, 2007 WL 2908110 at *16-17 (E.D.N.Y. Oct. 5, 2007) (internal quotation marks omitted)); *Restaurant Teams Int'l v. Dominion Capital Fund, Ltd.*, No. 99-CV-4138, 2002 U.S. Dist. LEXIS 13167 at *5 (S.D.N.Y. July 18, 2002); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) ("courts have generally allowed the recovery of attorney's fees as part of the [Rule 41(d)] costs.") (citing cases). "Rule 41(d) is intended to serve as a deterrent to forum-shopping and vexatious litigation." *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 03-CV-1959, 2006 U.S. Dist. LEXIS 50952, at *18 (D. Conn. July 26, 2006); *Adams,* 2009 U.S. Dist. LEXIS 37379, at *21-22 (citations omitted).

An award under Rule 41(d) is within the court's discretion. *Id.*, at *23 (citation omitted); *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989) (same). "[E]ven though a defendant need not show that a plaintiff acted in bad faith in order to recover, a 'district court may refuse to impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs.'" *Adams*, 2009 U.S. Dist. LEXIS 37379, at *23 (quoting 9 Wright & Miller, Federal Practice & Procedure § 2375 (3d ed.)); *Loubier*, 178 F.R.D. at 22 (same); *see* 8 Moore's Federal Practice § 41.70[5] ("Costs may be denied under Rule 41(d) when the plaintiff is financially unable to pay them, or when the plaintiff has acted in good faith and had a legitimate reason for dismissing the prior action.") (footnotes omitted); *Cf. Activox, Inc. v. Envirotech Corp.*, 532 F. Supp. 248, 251 (S.D.N.Y. 1981) ("[w]hatever the strategy of [plaintiff] may have been in dismissing its prior action, by virtue of Fed. R. Civ. P. 41(d) it is now subject to the payment of costs of action previously dismissed") (internal quotation marks omitted).

### B. Plaintiff's Explanation for Commencing and Dismissing the New Jersey Action

As previously mentioned, plaintiff's counsel asserts that plaintiff had a "good faith belief that venue in New Jersey

was proper . . . ." (Weiss Decl. ¶ 2.) In particular, plaintiff's counsel states that defendant "has sufficient business in the tri-state region to justify a business center in New York, indicating that a substantial part of the events giving rise to this instant multi-state class action took place in . . . [New Jersey]." (*Id.*) Plaintiff's Complaint alleges that defendant is a "Delaware corporation with its principal place is business located . . . [in] Massachusetts." (Doc. No. 1, Compl. ¶ 11.)

In cases predicated on diversity jurisdiction, venue is determined pursuant to 28 U.S.C. § 1391:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In putative class actions brought under Fed. R. Civ. P. 23, only the residence of the named parties is considered in determining whether venue is proper in a particular district. *See Morath v. Metro. Recovery Servs.*, No. 07-CV-11081, 2008 U.S. Dist. LEXIS 28244, at *3 (S.D.N.Y. Apr. 8, 2008) (citing *United*

*States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1129 (2d. Cir. 1974)); *see Kruse v. Wells Fargo Home Mortg., Inc.*, No. 02-CV-3089, 2006 U.S. Dist. LEXIS 26092, at *21 (E.D.N.Y. May 3, 2006) ("For class actions, the venue determination is made by reference to the named parties and their claims only."); *In re Gap Stores Securities Litig.*, 79 F.R.D. 283, 292 n. 6 (N.D. Cal. 1978).

Here, venue was plainly improper in New Jersey. Neither party resides in New Jersey. (*See* Hassen Decl. ¶ 7.) Moreover, it is undisputed that the calling card at issue was purchased by plaintiff and used in the Eastern District. (*See id.*)

Plaintiff's counsel asserts that the New Jersey Action was dismissed to avoid further expense to the parties. (Pl. Mem. at 1.) In particular, counsel argues that had plaintiff opposed defendant's motion to transfer venue and won, defendant "would have paid far more in fees . . . ." (*Id.*) Counsel further argues that if defendant had won its motion, defendant "would have expended even more resources, but it could not seek relief under Rule 41(d) . . . ." (*Id.*) Plaintiff's counsel thus argue that they should not be sanctioned because, in effect, they saved defendant's resources by voluntarily dismissing the action instead of opposing the Transfer Motion. The court is not persuaded by this reasoning.

When plaintiff's counsel filed the New Jersey Action, they were obligated by Fed. R. Civ. P. 11 to ensure, after a "reasonable" inquiry, that the claims were "warranted" by law and that "the factual contentions" had or "will likely have" evidentiary support. *See* Fed. R. Civ. P. 11(b). Thus, after reasonable investigation, plaintiff's counsel knew or should have known where plaintiff allegedly purchased and used defendant's calling card and that plaintiff otherwise lacked any factual or legal basis to commence this action in the District of New Jersey. When notified by defendant's counsel of the improper venue, plaintiff's counsel were provided an opportunity to stipulate to transfer venue to the Eastern District. Plaintiff's counsel made a strategic decision not to stipulate, thus compelling defendant to file a motion to dismiss based on improper venue or to transfer venue. (*See* Hassen Decl. ¶ 11.)

The court concludes that plaintiff's counsel have failed to offer a satisfactory explanation for their refusal to stipulate to transfer venue, dismissal the New Jersey action and subsequent re-filing of this action. Specifically, plaintiff's counsel have failed to establish that they had any factual or legal basis upon which initially to commence this action in the District of New Jersey. Instead, it appears that they filed the New Jersey Action without regard to proper venue considerations and declined to transfer venue to the appropriate judicial

district when given an opportunity to do so, thus forcing defendant to incur unnecessary costs and fees.

C. **Forum Shopping and Vexatious Litigation**

Defendant contends that plaintiff "was plainly forum-shopping when he filed the New Jersey Action, as he did not live in New Jersey, the subject calling card was not purchased in New Jersey, and the calling card was not used in New Jersey." (Def. Mem. at 6.) Indeed, the court has found that venue was plainly improper in New Jersey.

Notwithstanding, the court concludes that defendant has not established that plaintiff engaged in the kind of forum shopping and vexatious litigation against which Rule 41(d) is intended to guard. In filing the New Jersey Action, plaintiff and his counsel "had 'the option of shopping for a forum with the most favorable law.'" *Phillips*, 2006 U.S. Dist. LEXIS 50952, at *19 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 527, (1990)). "The forum-shopping that Rule 41(d) is intended to guard against occurs when a plaintiff voluntarily dismisses the initial suit and refiles the same action in another court, forcing the defendant to incur further costs, because the plaintiff believes he may capture more favorable law in the second venue than the first." *Phillips,* 2006 U.S. Dist. LEXIS 50952, at *19 (court denied the defendant's motion for costs because it found plaintiff's actions were not done with

12

vexatious intent or in an attempt to gain any tactical advantage by dismissing and re-filing his suit); *see also Robinson v. Nelson*, No. 98-10802, 1999 U.S. Dist. LEXIS 2004, at *5-6 (D. Mass. Feb. 19, 2008) ("Rule 41(d) is intended to prevent plaintiffs from gaining an advantage through forum shopping, especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else"); *Cf. Blauinsel Stiftung v. Sumitomo Corp.*, No. 99-CV-1108, 2001 U.S. Dist. LEXIS 20746, at *27 (S.D.N.Y. Dec. 14, 2001) (observing that the "intended purpose of Rule 41(d) — namely, to deter forum shopping and vexatious litigation, — is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the [prior] suit was to avoid this court's . . . [o]rders") (citations and internal quotation marks omitted).

Here, although plaintiff's counsel had no basis in law or fact to file the Complaint in the District of New Jersey, that district is the appropriate forum in which defendant should have sought sanctions for plaintiff's counsel's failures. Defendants could have moved, *inter alia*, pursuant to Fed. R. Civ. P. 11 in the New Jersey Action for sanctions against plaintiff's counsel. *See United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 171 (2d Cir. 2003) ("[W]e . . . note that . . . choice of forum is an issue over which counsel exercises principal responsibility. Sanctions, if any, should

therefore be imposed on counsel"); *see also Solloway v. Ellenbogen*, 121 F.R.D. 29, 31 (S.D.N.Y. 1988) (when face of complaint disclosed lack of diversity jurisdiction, court imposed Rule 11 sanctions against plaintiff's counsel, in the amount of defendant's reasonable attorneys' fees in defending the action; court reasoned that plaintiffs "should not be held responsible for their attorney's failure to inquire into jurisdictional matters and bring the action in the appropriate forum"); *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002) ("Although the district court lacked jurisdiction to decide the merits of the underlying action, it retained the power to determine collateral issues, such as the appropriateness of sanctions") (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992) (affirming imposition of Rule 11 sanctions even when it was later determined that district court lacked subject matter jurisdiction)).

Accordingly, defendant's motion for an award pursuant to Rule 41(d) is denied. Additionally, defendant's motion for a stay pursuant to Rule 41(d) pending payment of any award under Rule 41(d) is denied as moot.

### D. Anticipated Motions

By letter dated July 16, 2009, defendant seeks a pre-motion conference for leave to file a motion to dismiss the Complaint following a ruling on the present motion pursuant to

Rule 41(d). (Doc. No. 33.) Plaintiff shall respond to defendant's July 16, 2009 letter within three days of the date of this Order and the parties shall participate in a telephone pre-motion conference on April 2, 2010 at 4:00 p.m., which defendant's counsel shall initiate.

## CONCLUSION

For the foregoing reasons, defendant's motion is denied. The parties shall use their best efforts to agree on reasonable attorneys' fees and costs and to avoid further litigation on this issue.

SO ORDERED.

Dated: Brooklyn, New York
       March 24, 2010

                                              /s/
                                    _____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York